**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sheramy Scott, et al.,

    Plaintiffs,

v.

Credit Union West,

    Defendant.

No. CV-25-08024-PCT-DLR

**ORDER**

  Before the Court is Plaintiffs Brian Scott and Sheramy Scott's motion to reopen this case and to vacate the order granting Defendant Credit Union West's motion to compel arbitration. (Docs. 23, 24, 25). The motion is fully briefed. (Docs. 26, 27.) For the following reasons, the Court grants the motion.

**I. Background**

  Plaintiffs opened joint checking and savings accounts with Defendant in 2021. (Doc. 1 at ¶ 1; Doc. 12-1 at 1.) Plaintiffs claim that their accounts were compromised on August 13, 2024, resulting in $32,370.00 in losses. (Doc. 1 at ¶¶ 2–3.) Plaintiffs thereafter filed suit against Defendant, alleging violations of the federal Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq., and a claim for common law negligence for failing to take reasonable steps to protect Plaintiffs' accounts from fraudulent activity. (*Id.* at ¶¶ 5, 47.)

  On September 10, 2025, the Court granted Defendant's motion to compel arbitration pursuant to an arbitration clause in Defendant's consumer Membership Account

Agreement & Disclosures ("Membership Agreement"). (Doc. 22 at 6.) On November 14, 2025, the American Arbitration Association ("AAA") sent correspondence to the parties confirming that Plaintiffs had filed a Demand for Arbitration and instructing the parties on the next steps. (Doc. 25-1.) The correspondence directed Defendant to pay certain fees by December 15, 2025, and warned that "the AAA may decline to administer this dispute if [Defendant] does not timely respond." (*Id.* at 2.)

On December 17, 2025, the AAA sent correspondence to the parties that it had "not received the requested fees from [Defendant]" and was "declining to administer this case[.]" (Doc. 25-5.) As a result, the AAA indicated it was closing the file and advised that "either party may choose to submit its dispute to the appropriate court for resolution." (*Id.*) Defendant's counsel responded the same day indicating that the fees would be paid immediately. (Doc. 26-1 at 2; Doc. 26-2 at 3.) The AAA responded that payment was not possible because the arbitration was closed and would not be reopened without the confirmation of Plaintiffs. (Doc. 26-2 at 2–3.) Defendant's counsel contacted Plaintiffs' counsel three times requesting Plaintiffs' agreement to reopen the arbitration. (Doc. 26-3 at 2; Doc. 26-4 at 2; Doc. 26-5 at 2.) Plaintiffs did not respond to Defendants' request and now move to reopen this litigation.

**II.    Discussion**

Plaintiffs argue that Defendant defaulted in the arbitration by its failure to pay the fees and that the Court cannot compel a closed arbitration.[1] (Doc. 24 at 3–5.) Accordingly, Plaintiffs request that the Court reopen this case and permit them to proceed with their claims. (*Id.* at 5.)

Statute requires courts to stay court proceedings on issues subject to arbitration "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Here, the parties' "terms of the agreement" are contained in the Membership Agreement which states in relevant part that "all Claims . . . shall . . .  be resolved by

---

[1] Plaintiffs' motion also argues that Defendant waived its right to arbitrate. (Doc. 24 at 4.) Because Plaintiffs abandon this argument in reply (Doc. 27 at 4–5), the Court does not address it.

binding arbitration administered by the [AAA] in accordance with its applicable rules and procedures for consumer disputes ("Rules")[.]" (Doc. 7-2 at 13.) The parties thus incorporated the AAA's consumer dispute rules into the Membership Agreement, *see Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004), and these Rules form part of the "terms of the agreement," 9 U.S.C. § 3.

To determine whether to lift the stay, therefore, the Court must determine whether an arbitration "has been had" in accordance with those terms. The Court concludes that it has. An arbitration may "be had" within the meaning of 9 U.S.C. § 3 without the issuance of an award when the arbitration is terminated according to the AAA's rules. *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016). A district court is permitted to lift its stay in such a situation. *Id.*

The AAA's consumer dispute rules recognize that the "AAA, in its sole discretion, may make the administrative determination to . . . stop the administration of an ongoing arbitration . . . where a party fails to submit payment of fees requested in accordance with the Rules or Consumer Arbitration Fee Schedule." AAA Rule R-10(a)(ii), https://www.adr.org/media/yawntdvs/2025_consumer_arbitration_rules.pdf (June 2, 2025). "In the event the AAA makes the administrative determination to cease . . . administration of a case due to any of the reasons outlined in this Rule, the parties may choose to submit their dispute to the appropriate court." AAA Rule R-10(b).

Here, the AAA ceased the arbitration between the parties because Defendant did not pay the required fees. (Doc. 25-5.) The AAA then directed that either party may proceed to court. (*Id.*) Because the AAA's actions were permissible under its rules, "the arbitration [] proceeded pursuant to the parties' agreement and the rules they incorporated." *Lifescan, Inc.*, 363 F.3d at 1013. And "courts must rigorously enforce arbitration agreements *according to their terms*." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (emphasis added) (internal quotation marks omitted). Other district courts in this Circuit have allowed litigation to proceed in court after an arbitration terminated due to a party's nonpayment of fees. *See, e.g., Greco v. Uber Techs., Inc.*, No. 4:20-cv-02698-YGR,

- 3 -

2020 WL 5628966, (N.D. Cal. Sept. 3, 2020); *Waters v. Vroom Inc.*, No.: 22-CV-1191 TWR (AGS), 2023 WL 187577 (S.D. Cal. Jan. 13, 2023).

In short, the parties' agreement to arbitrate, the basis for the Court's order compelling arbitration, incorporates the AAA's rules. Those rules allow the AAA to stop the administration of the arbitration if, as here, a party fails to pay requested fees. Because the parties' "arbitration has been had in accordance with the terms of the agreement," the Court will lift its stay but does not need to vacate its previous order. Accordingly,

**IT IS ORDERED** that Defendants' motion to reopen (Doc. 23) is **GRANTED**. The Clerk is directed to reopen this case.

**IT IS FURTHER ORDERED** that Defendant shall respond to Plaintiff's complaint within twenty-one (21) days of this Order.

Dated this 22nd day of June, 2026.

Douglas L. Rayes
Senior United States District Judge

- 4 -